1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

RONDELL DONTA BULLARD,                     No.  2:22-cv-1914 KJN P

12

Plaintiff,

13

v.                                          ORDER

14

SACRAMENTO POLICE
DEPARTMENT,

15

16

Defendant.

17

18

Plaintiff is a county jail inmate, proceeding pro se.  Plaintiff seeks relief pursuant to 42

U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19

This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21

Accordingly, the request to proceed in forma pauperis is granted.

22

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23

§§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26

forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27

of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28

1    payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

2    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4        As discussed below, plaintiff's complaint is dismissed with leave to amend.

5    Screening Standards

6        The court is required to screen complaints brought by prisoners seeking relief against a

7    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8    court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

9    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20   1227.

21       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

28   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

1   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

3   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

4   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

5   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

6   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7   Plaintiff's Complaint

8         Plaintiff claims "threat to safety" and "excessive force" by defendant Sacramento Police

9   Department because he was left by the side of the road rather than being taken to the hospital and

10   placed on a 5150 hold.  At some point a second police officer came, and plaintiff states he did not

11   get help, but was treated like a suspect.  Plaintiff seeks money damages.

12   Governing Standards

13         Pre-trial detainees possess personal security interests that are protected by the Fourteenth

14   Amendment.  See Castro v. County of L.A., 833 F.3d 1060, 1069-71 (9th Cir. 2016) (en banc).

15   In order to recover for injuries suffered while in custody, a pre-trial detainee "must show that the

16   prison official acted with 'deliberate indifference.' "  Castro, 833 F.3d at 1067-68.

17         The elements of a Fourteenth Amendment claim for failure to protect and excessive force

18   by a pre-trial detainee are:  "(1) The defendant made an intentional decision with respect to the

19   conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at

20   substantial risk of suffering serious harm; (3) The defendant did not take reasonable available

21   measures to abate that risk, even though a reasonable officer in the circumstances would have

22   appreciated the high degree of risk involved -- making the consequences of the defendant's

23   conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's

24   injuries." Castro, 833 F.3d at 1071.  "With respect to the third element, the defendant's conduct

25   must be objectively unreasonable, a test that will necessarily 'turn on the facts and circumstances

26   of each particular case.'" Id. (quoting Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015)).

27   The third element is "more than negligence but less than subjective intent -- something akin to

28   reckless disregard." Castro, 833 F.3d at 1071.

3

Discussion

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is legally frivolous or fails to state a claim for relief.  Plaintiff includes no facts demonstrating that a police officer used excessive force on plaintiff.  Plaintiff names no individual police officer as a defendant.

The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court, however, grants leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a.  The completed Notice of Amendment; and

    b.  An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  November 30, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bull1914.14n

5

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  RONDELL DONTA BULLARD,                    No. 2:22-cv-1914 KJN P

            Plaintiff,
12

13         v.                                 NOTICE OF AMENDMENT

14  SACRAMENTO POLICE
    DEPARTMENT,

15            Defendant.

16

17         Plaintiff hereby submits the following document in compliance with the court's order

18  filed_____.

19  DATED: _____

20                                            Amended Complaint

21                                            _____
                                              Plaintiff
22

23

24

25

26

27

28

                                    6